```
3 PAGES
```
Richard Jare, (SBN 109331)
6440 Carolinda Drive
Granite Bay, CA 95746
Meetings Only at 455 Capitol Mall, S. 330A
Sacramento, CA 95814, Do not send any Postal mail to the Capitol Mall Address
Fax number:   (916) 676-0511
Phone:   (916) 995-1347
www.RosevilleBankruptcyAttorney.com
www.SacramentoBankruptcyAttorney.com
Attorney for Debtor (s)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In Re<br><br>Michael Mark Panopio &<br>Caroline Macaraeg Panopio,<br><br><br>_____<br>Debtor(s) | Case No.  19-23707-B-13C<br>D.C. No. RJ-001<br><br>Declaration of Debtor in Support of Motion to Modify Confirmed Chapter 13 Plan<br><br>Date: May 19, 2020<br>Time: 1:00 PM<br>Place: Dept. "B", Ctrm 34<br>    501 I Street, 6th Flr<br>    SACRAMENTO, CA |

    We are the Debtors herein and we state the following of our personal knowledge.

    1. We have made efforts in this case and so Far we have paid the aggregate sum of $13,500 to the trustee.

    2. We fell behind largely because we had unexpected expenses and we had Christmas holiday expenses and we could not work the overtime that we wanted to work even during the holiday season.

    3. The financial situation is stabilizing and now we are moving to modify the plan to conform to the 1st Modified Plan.

    4. We sought bankruptcy relief on June 10th, 2019 under Chapter 13 because we fell behind on our obligations.

    5.  We can stay current on our monthly trustee payments to

comply with the proposed plan.

6. The 1st Modified Chapter 13 Plan complies with applicable law, including the provisions of Chapter 13 and other relevant provisions of the Bankruptcy Code. In particular, the proposed plan pays 0.0% to the unsecured creditors. The liquidation test would however allow a plan which pays nothing to the unsecured creditors. The best efforts test allows a plan which pays nothing to the unsecured creditors. The Means test allows a plan which pays nothing to unsecured creditors.  We will be able to make the payments to the trustee under the proposed plan.

7. Any filing fees installments or charges required by the Court have already been paid.

8. We will comply with the plan and we have remitted the payments specified by the plan. We are paying all the disposable income to the trustee for the benefit of the creditors. Secondly, the proposed payments are all that we will be able to pay. Therefore the plan is our best effort.

9. Unsecured creditors will receive at least what they would receive in the event of a Chapter 7 liquidation. The proposed dividend is 0%. All of the assets are exempt. Schedules B and C filed at the inception of the case correctly portray the liquidation scenario. Schedule C filed exempts all unencumbered property, fully. Upon liquidation of the estate under a Chapter 7 scenario, the Chapter 7 trustee would not find any unexempt property.  The priority debts of approximately $42,000 in income taxes provide an additional liquidation cushion.

10. All secured creditors provided for have either accepted the plan, or the plan proposes a surrender of the property securing their claims, or the plan provides to pay the creditors

pursuant to section 1325(a)(5)(B).

11. We will be able to make the payments under the plan and comply with the plan.

12. We have no domestic support obligations.

13. We have filed all applicable tax returns that have become due for the last 4 years.

We declare under the penalty of perjury under the laws of the State of California that the forgoing statements in this Declaration of Debtor in Support of Motion to Modify Plan to Conform to the Modified Chapter 13 Plan are true and correct.

Dated: March 10, 2020

/s/ Michael Mark Panopio

Debtor(s) _____

Michael Mark Panopio b

/s/ Caroline Panopio,

Debtor(s) _____

Caroline Panopio,